UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFS NATURAL RESOURCES INC. | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **CLIFFS NATURAL RESOURCES** |
| SENECA COAL RESOURCES, LLC, *et al*. | ) | **INC.'S MOTION FOR EXPEDITED** |
| | ) | **DISCOVERY** |
| Defendants. | ) | |
| | ) | |

**INTRODUCTION**

Cliffs Natural Resources Inc. ("Cliffs") seeks limited discovery[1] in this matter on an expedited basis so that it might have the ability to prosecute its claims against Seneca Coal Resources, LLC ("Seneca") and the other Defendants before unlawful transfers can be made which will hinder and delay Cliffs' rights to collect the debts which Seneca owes it. Furthermore, the expedited discovery sought will develop a more complete evidentiary record that may aid in the disposition of Cliffs' declaratory judgment action. Time is of the essence and discovery is needed immediately, as Seneca has made certain representations that it seeks to "restructure" itself by December 31, 2016. This restructuring, upon information and belief, may result in the transfer of assets to insiders of Seneca. Cliffs, on the other hand, is a legitimate creditor of Seneca with Seneca owing Cliffs over $6 million ($6,000,000), as well as duties to obtain new financial assurance sufficient to release Cliffs' letters of credit in excess of $10,112,693 for workers' compensation insurance. In its concurrently filed Complaint, Cliffs seeks a declaration from the Court that Seneca is not entitled to transfer money or assets to affiliated companies or owners until Cliffs' rights to payment from Seneca have been satisfied by

---

[1] The limited discovery consists of three interrogatories and five document requests, attached hereto as Exhibit A.

1

Seneca.  This expedited discovery is required to understand Seneca's financial status prior to its restructuring and potential transfer of assets.

**FACTUAL BACKGROUND**

**I.**     **Seneca Incurs Over $6 Million of Debt Due and Owing to Cliffs**

On December 22, 2015, Cliffs, CLF Pinnoak LLC, and Seneca entered into a Unit Purchase Agreement (the "UPA"), whereby Cliffs, through CLF PinnOak LLC, agreed to sell the outstanding equity interests of Cliffs North American Coal LLC ("CNAC") to Seneca.  As further explained in the Complaint, under the UPA, Seneca promised to perform certain post-closing requirements, including replacing certain bonds and guarantees, as well as reimburse Cliffs for certain expenses made prior to and after entering into the UPA.  In addition, Seneca assumed all liabilities not expressly excluded in the UPA, including the purchase of worker's compensation insurance, the administration of the same, and obtaining new financial assurance sufficient to release Cliffs' letters of credit in excess of $10,112,693, for the benefit of its workers.

Shortly after entering into the UPA, Seneca failed to fulfill its payment obligations.  Specifically, Seneca failed to replace the certain bonds within the time allotted by the UPA; failed to cause the timely release of certain guarantees and letters of credit; failed to reimburse Cliffs for certain expenses, such as lease repayments, worker's compensation costs, medical out-of-pocket costs, bond premiums, payroll services, and certain legal costs; and failed to assume the administration of ongoing workers' compensation matters, as required and acknowledged by Seneca.  Cliffs has sent monthly invoices to Seneca and has had frequent conversations with Seneca regarding Seneca's duties under the UPA.  Seneca acknowledged its duties, but has refused to pay Cliffs for these outstanding obligations.

In addition to Seneca's outstanding debts incurred under the UPA, in February 2016, BB&T Equipment Finance filed a lawsuit in the Northern District of Ohio against Seneca's

2

company Oak Grove Resources and Cliffs (as guarantor) for Seneca's failure to make timely lease payments (the "BB&T Litigation").  By way of its involvement in the BB&T Litigation, Cliffs has incurred expenses and attorneys' fees.  Seneca agreed to indemnify Cliffs for all expenses incurred in the BB&T Litigation, but to date Seneca has failed and/or refused to reimburse Cliffs for those expenses.

Between Seneca's outstanding debts under the UPA and the outstanding debts incurred as a result of the BB&T Litigation, over $6 million ($6,000,000) is due and owing to Cliffs from Seneca. In addition, Seneca has failed to obtain workers' compensation insurance, obtain new financial assurance sufficient to release Cliffs' letters of credit in excess of $10,112,693, and take over the administration of workers' compensation matters as required under the UPA and as acknowledged by Seneca.

## II.     Seneca's Decision to "Restructure" Involves Transferring Assets to Insiders and Away From Its Creditors, Upon Information and Belief.

Despite Seneca owing money to Cliffs under the UPA and the BB&T Settlement Agreement, upon information and belief, Seneca is seeking to transfer its assets to its affiliates or owners (including one or more of the Defendants named in this matter) instead of paying off its legitimate debts to Cliffs.  Specifically, upon information and belief, Seneca plans to transfer its assets to Defendant Thomas M. Clarke prior to December 31, 2016 as part of a "restructuring." Mr. Clarke, however, is an insider and not a legitimate creditor of Seneca.

In addition, an affiliate company of Seneca named ERP Iron Ore LLC is in the process of purchasing the assets of Magnetation, LLC out of a bankruptcy proceeding currently filed in the United States Bankruptcy Court for the District of Minnesota, Case No. 15-50307.  As a part of that sale, Mr. Clarke has pledged shares of Seneca as collateral for a personal guaranty executed in furtherance of the sale of Magnetation, LLC to ERP Iron Ore LLC.  *See* Draft Guarantee Agreement, attached hereto as Exhibit B, and attached in Case No. 15-50307 as Exhibit I to Dkt.

1149.  It is unclear whether Seneca plans to contribute its assets to the purchase of Magnetation, LLC, or if the other Defendants will attempt to use their interest in, or assets of, Seneca to fund the Magnetation deal.

Despite Seneca's acknowledgment of the debt to Cliffs, agents of Seneca have stated to Cliffs that Seneca does not have the funds to pay its debts to Cliffs.  But Seneca still plans to transfer its assets to insiders rather than pay its debts to Cliffs.  On December 7, 2016, counsel for Cliffs sent a letter to Seneca and Mr. Clarke stating that "no transfer of money should be made to you or others until Cliffs' rights to payment from Seneca (including the replacement of the collateral for the workers' compensation policies) have been satisfied by Seneca.  Otherwise any such transfer may be deemed a fraudulent conveyance under Ohio Rev. Code Ann. 13336.04(A)(1) and (2).  Please provide [Cliffs' counsel] written confirmation that Seneca will not make any such transfers until the debts due Cliffs by Seneca are paid in full."  Neither Seneca nor Mr. Clarke has provided any confirmation (written or otherwise) that any such payments would not be made.

## LAW AND ANALYSIS

Civil Rule 26(d)(3) clearly permits the court to set the timing of discovery "for the parties' and witnesses' convenience and in the interests of justice."  Civ. R. 26(d)(3); *see also Harbour v. Armstrong World Industries, Inc.*, No. 90-1414, 1991 U.S. App. LEXIS 10867 at *15 (6th Cir. 1991).  This comports with the well-settled principal that "district courts have wide discretion to manage their own dockets."  *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The court "may authorize discovery, prior to the Rule 26(f) conference, upon a showing of good cause."  *Voltage Pictures, LLC v. Does 1-43*, No. 1:13CV465, 2013 U.S. Dist. LEXIS 63764, at *16 (N.D. Ohio May 3, 2013).  "Good cause may be found where the need for expedited

4

discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quotations omitted).

Good cause exists here because discovery is needed immediately to assess the status of transfers from Seneca and the other Defendants, especially because the "restructuring" is taking place prior to December 31, 2016.  Furthermore, the attached discovery will allow Cliffs to determine whether any transfers have been made or are about to be made, which may determine the necessity for Cliffs' declaratory judgment claim.  A failure to grant this Motion and prohibition on expedited discovery could have dire implications for Cliffs, as Defendants may have disposed Seneca of its assets following the December 31, 2016, restructuring or the Magnetation deal.  The attached expedited discovery may very well put these issues to rest.

In comparison, the expedited discovery will cause very little prejudice to the Defendants. Cliffs is acting expeditiously in its discovery requests, and the attached requested discovery will not cause undue hardship to Defendants because the discovery is limited to issues regarding Seneca's "restructuring," the funds used to purchase Magnetation, LLC, and any potential transfer made from Seneca to third parties.  Accordingly, good cause exists for permitting Cliffs to proceed with the limited, initial discovery attached hereto.

**CONCLUSION**

For the reasons set forth above, Cliffs respectfully requests that this Court grant leave to expedite the discovery as outlined herein.

Respectfully submitted,

 /s/ Robert J. Fogarty

OF COUNSEL:                              Robert J. Fogarty (0006818)
                                         E. Sean Medina (0082558)
HAHN LOESER & PARKS LLP                  200 Public Square – Suite 2800
                                         Cleveland, Ohio 44114
                                         Phone:  (216) 621-0150

5

Fax:  (216) 241-2824
Email: rjfogarty@hahnlaw.com
       smedina@hahnlaw.com

*Attorneys for Plaintiff Cliffs Natural Resources Inc*.