# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFS NATURAL RESOURCES INC. | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | **PLAINTIFF'S FIRST SET OF** |
| | ) | **DISCOVERY REQUESTS TO** |
| SENECA COAL RESOURCES, LLC, et al. | ) | **DEFENDANTS** |
| | ) | |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff Cliffs Natural Resources Inc. requests that Defendants Seneca Coal Resources, LLC, Thomas M. Clarke, Ana M. Clarke, Kenneth R. McCoy, and Jason R. McCoy answer the following interrogatories and produce the following documents and things for inspection and copying at the offices of Hahn Loeser & Parks, LLP, 200 Public Square, Cleveland, Ohio 44114, within 7 days of service hereof.

## DEFINITIONS

1. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

2. The term "you" or "your" means Seneca Coal Resources, LLC, Thomas M. Clarke, Ana M. Clarke, Kenneth R. McCoy, and Jason R. McCoy and any officers, directors, agents, and employees.

3. The term "Transfer" has the meaning given by R.C. § 1336.01 and means "every direct or indirect, absolute or conditional, and voluntary or involuntary method of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease,

and creation of a lien or other encumbrance."

4. The term "ERP Iron Ore" means ERP Iron Ore, LLC, and where applicable, its members, officers, directors, employees, owners, partners, corporate parents, subsidiaries, or affiliates.

5. The term "restructuring" has the same meaning as ascribed in Charles A. Ebetino's December 6, 2016 email to Bob Fogarty, David Zochowski, Bill Campbell, Jennifer Bell, Bill Hunter, Kristina Chandler, and Pat Harton, attached hereto as Exhibit A.

6. The term "Motion for Sale" means the December 6, 2016 "Notice of Hearing and Joint Motion for an Order (i) Granting Expedited Relief, (ii) Approving the Sale and Transfer of Certain Assets and Liabilities Free and Clear of Encumbrances, (iii) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and (iv) Granting Related Relief" and the related Memorandum in Support filed in the United States Bankruptcy Court for the District of Minnesota in the case titled *In re: Magnetation LLC, et al.*, Case No. 15-50307.

7. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8. "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, including electronic or computerized data compilations, from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Identify" (with respect to persons) means to give, to the extent known, the

person's full name, present or last known address and telephone number, and, when referring to a natural person, additionally, the present or last known place of employment.

10. "Identify" (with respect to documents) means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s), and recipient(s).

11. "Person" means any natural person or any business, legal, or government entity or association.

12. "Relating to" or "related to" any stated subject means and includes any document that concerns, constitutes, contains, describes, embodies, evidences, identifies, refers to, reflects, states, or is in any way relevant to that stated subject.

## INSTRUCTIONS

1. In order to bring within the scope of these Discovery Requests any and all conceivably relevant matters or documents which might otherwise be construed to be outside the scope:

   (a) The singular of each word shall be construed to include its plural and vice versa;

   (b) "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

   (c) "Each" shall be construed to include "every" and vice versa;

   (d) "Any" shall be construed to include "all" and vice versa;

   (e) The present tense shall be construed to include the past tense and vice versa; and

   (f) The masculine shall be construed to include the feminine and vice versa.

2. The information sought in the following Requests pertains not only to the information and Documents in the possession of the particular individual answering these

Requests, but also to all information and Documents in your custody or control or available to you, including without limitation documents in the possession, custody, or control of your attorneys, investigators, experts, consultants, and other agents, as well as to all persons acting on behalf of any and all such persons and entities.

3. Each of these definitions and instructions shall be fully applicable to each Request. Notwithstanding, such definition may, in full or in part, be reiterated in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

4. If you object to a particular Request, state the grounds for objection in the response to such Request. If you claim privilege with respect to any Request, you shall provide that part of the information or documents requested for which privilege is not claimed, state that part of the Request to which you object, and state the basis for the claim of privilege.

5. If you are unable to answer any of the following Requests in full after exercising due diligence to secure the information to do so, the answer shall so state and respond to the extent possible, specifying the reasons for the inability to answer the remainder and providing whatever information or knowledge is available concerning the unanswered portions.

6. No answer is to be left blank. If the answer to any Request or subsection of a Request is "none" or "unknown," the word "none" or "unknown" must be written in the answer. If the Request is inapplicable, "N/A" or "not applicable" must be written in the answer.

7. The fact that a Request may give an example of a document or type of document or type of subject matter that might be responsive to the Request in no way limits the scope of the information or documents that are sought, and you should produce any and all responsive information and documents.

8. These Requests shall be deemed continuing and you are to supplement your

answers and production if and when additional documents become available at any time after you serve your answers and production, up to and including the time of the hearing. Any information provided in response to these Requests that is later found to be incorrect or incomplete or to have become incorrect or incomplete shall be corrected or completed by supplemental answers pursuant to Fed. R. Civ. P. 26(e).

9. If the documents requested herein are not produced, Cliffs will object to the use of any witnesses and the introduction of any documents at the hearing pertaining to the documents requested herein.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state whether any Transfer has been made by Seneca to any of its owners, members, corporate parents, subsidiaries or affiliates from January 1, 2016 to present, and if so, describe the Transfer, including to whom the Transfer was made, what was Transferred, and what was received in return for the Transfer.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please state whether Seneca expects to make any Transfer in connection with the "Restructuring," and if so, describe the expected Transfer, including to whom the Transfer will be made, what will be Transferred, and what will be received in return for the Transfer.

**ANSWER:**

5

**INTERROGATORY NO. 3:**

Please identify all sources of funds ERP Iron Ore used or is using to purchase the assets of Magnetation LLC, as described in the Motion for Sale, including whether any source of funds came, directly or indirectly, from Seneca or its corporate parents, subsidiaries or affiliates from January 1, 2016 to present.

**ANSWER:**

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Produce all Documents including internal and external Communications, that you used, referred to, or consulted, to answer the above Interrogatories.

**ANSWER:**

**DOCUMENT REQUEST NO. 2:**

Produce all Documents, including internal and external communications relating to the "Restructuring," including all Documents regarding how the assets of Seneca were or will be used, transferred, or conveyed in the Restructuring.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:**

Produce all Documents, including internal and external Communications regarding any Transfer from Seneca to its owners, members, corporate parents, subsidiaries or affiliates from January 1, 2016 to present.

**RESPONSE:**


**DOCUMENT REQUEST NO. 4:**

Produce all Documents, including internal and external Communications regarding any proposed Transfer from Seneca to its owners, members, corporate parents, subsidiaries or affiliates.

**RESPONSE:**


**DOCUMENT REQUEST NO. 5:**

Produce all Documents, including internal and external Communications, regarding the source of funds used or proposed to be used for the purchase of the assets of Magnetation LLC and/or to finance its operations post-bankruptcy.

**RESPONSE:**


|  |  |
|---|---|
| OF COUNSEL: | /s/ Robert J. Fogarty |
|  | Robert J. Fogarty (0006818) |
|  | E. Sean Medina (0082558) |
| HAHN LOESER & PARKS LLP | 200 Public Square - Suite 2800 |
|  | Cleveland, Ohio 44114 |
|  | Phone:  (216) 621-0150 |
|  | Fax:  (216) 241-2824 |
|  | Email:   rjfogarty@hahnlaw.com |
|  |              smedina@hahnlaw.com |

*Attorneys for Plaintiff*
*Cliffs Natural Resources Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on December 20, 2016, the foregoing Plaintiff's First Set of Discovery Requests to Defendants was served upon counsel for all parties using the Court's CM/ECF system.

/s/ Robert J. Fogarty
One of the Attorneys for Plaintiff

# EXHIBIT A

## RE: Seneca Financials

Chuck Ebetino [cebetino@erpfuels.com]
**Sent:** Tuesday, December 06, 2016 3:55 PM
**To:** Bob Fogarty; David Zochowski [David.Zochowski@usi.com]
**Cc:** Bill Campbell [BCampbell@erpfuels.com]; Jennifer Bell [JBell@erpfuels.com]; Bill Hunter [whunter1@optonline.net]; Kristina Chandler [Kristina.Chandler@usi.com]; Pat Harton [Pat.Harton@usi.com]

Bob, We are working on the financial restructuring and the A&A's needed with the carriers.  The target date for the restructuring has not changed, but due diligence is continuing and the date could slip.  As we discussed the restructuring must occur by Dec 31.  Right now it looks like Chubb/Ace is not cooperating, but hopefully we will get them on board.
Chuck Ebetino



**ERP Compliant Fuels LLC**
PO Box 305
Madison, WV 25130