UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLIFFS NATURAL RESOURCES INC. | ) CASE NO. 1:16-cv-03034 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) **CLIFFS NATURAL RESOURCES INC.'S REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY** |
| SENECA COAL RESOURCES, LLC, *et al*. | ) |
| Defendants. | ) |

Defendants Seneca Coal Resources, LLC ("Seneca"), Thomas M. Clarke, Ana M. Clarke, Kenneth R. McCoy, and Jason R. McCoy (collectively "Defendants") admit that they agreed to comply and provide Plaintiff Cliffs Natural Resources Inc. ("Cliffs") with expedited discovery. However, Defendants have failed to answer the three interrogatories and produce the documents responsive to the five documents requests attached to Cliffs' Motion or agree upon a date to do so. Thus, Cliffs' motion is not "moot," there is no prejudice to Defendants, and this Court should grant Cliffs' Motion.

But more importantly, since Cliffs filed the Motion for Expedited Discovery on December 20, further information has come to light showing the necessity of the expedited discovery. Contrary to Defendants' statements to this Court that the basis for Cliffs' Motion is "illusory" and "has no predicate in real world actions or events," Defendants have admitted to counsel for Cliffs that (i) a "restructuring" resulting in transfers from Seneca was actually contemplated and a reorganization of Seneca is still contemplated, (ii) certain transfers have been made (including cash transfers every month) to insiders by Seneca even while it failed to comply with its admitted contractual obligations to Cliffs, and (iii) Defendants have stated that Seneca is in dire financial condition and was struggling to meet its December payroll and on December 31,

Seneca defaulted on a $2 million admitted obligation to reimburse Cliffs for payroll expenses, bringing the unpaid invoices to a total of over $6.5 million, plus a duty to obtain new financial assurances sufficient to release Cliffs' letters of credit in excess of $10,112,692 for workers' compensation insurance.

*First*, contrary to Defendants' statements, there is a factual basis to support the requested discovery.  On December 22, after the Motion was filed, George "Brent" Mickum, counsel for the Defendants, confirmed that there actually was "some contemplation" about the transfer of monies from Seneca to Thomas Clarke, showing that Cliffs' Motion was based on good grounds. Mr. Mickum confirmed that although there was "an effort to purchase Mr. Clarke's interests in Seneca and Seminole, that undertaking ended before Cliffs filed the present Litigation" (See 12/22/16 9:12 am email, attached as Ex. A.)  He went on to state that the large refinancing is still contemplated but "is not going to close before year end [2016]." (*See* 12/22/16, 11:23 am email, attached hereto as Ex. B.)  On December 31, 2016, after these revelations, Seneca defaulted on a $2 million admitted obligation to reimburse Cliffs for payroll expenses, bringing the unpaid invoices to a total of over $6.5 million, plus a duty to obtain new financial assurances sufficient to release Cliffs' letters of credit in excess of $10,112,692 for workers' compensation insurance.

More disturbingly, Defendants disclose in their declarations that while Seneca was a debtor of Cliffs and breaching its obligations, it made over $2.45 million in transfers to insiders during the period of December 2015 through February 9, 2016.  (*See, e.g.*, DN 7-1, pg. 1.) Defendants also report that "in the normal course of business, cash has been transferred to other affiliated companies owned by the members." (*Id.*)  These transfers occurred at a time when Seneca owed money to its creditor, Cliffs,  and had breached its duties under the Unit Purchase Agreement.  Thus, these answers raise multiple issues as to the transfers that took place while Seneca owed debts to Cliffs and the additional transfers which are on-going or contemplated. The full response to interrogatories, production of documents, and limited depositions are

2

9049050.1

necessary to determine (i) which transfers actually took place, (ii) which parties received cash from Seneca while it represented that it had no money to pay its bills, and (iii) whether there are further transfers contemplated at this time, and (iv) whether the past and contemplated transfers were made with the intent to defraud Cliffs and other creditors.

*Second*, contrary to Defendants' suggestion, Cliffs Motion is not "moot" simply because Defendants have agreed that it will comply and respond to the discovery requests at some unspecified date in the future.  In fact, Defendants have not fully answered the interrogatories, have not produced any documents in response to the document requests, and have not agreed to participate in limited depositions on this topic prior to the Rule 26(f) Conference.  Thus, Cliffs' Motion could not be "moot" where Defendants have not complied with the relief requested in Cliffs' Motion.  And because Defendants have agreed to allow such discovery, there is no prejudice to Defendants.  Accordingly, Cliffs has shown good cause for the expedited discovery. *Voltage Pictures, LLC v. Does 1-43*, No. 1:13CV465, 2013 U.S. Dist. LEXIS 63764, at *16 (N.D. Ohio May 3, 2013) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.") Because Defendants have not stated when they will produce documents, answers to interrogatories, and allow depositions regarding the transfers, this Court should grant Cliffs' Motion.

## CONCLUSION

For the forgoing reasons, Cliffs respectfully requests that this Court issue an order: (1) requiring Defendants to respond to the written discovery requests attached to the motion within one week of the Court's Order, and (2) permitting Cliffs to take depositions of the Defendants in advance of the Rule 26(f) Conference and initial disclosures under Rule 26(a)(1)(A).

9049050.1

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Robert J. Fogarty |
| OF COUNSEL: | Robert J. Fogarty (0006818) |
|  | E. Sean Medina (0082558) |
| HAHN LOESER & PARKS LLP | 200 Public Square – Suite 2800 |
|  | Cleveland, Ohio 44114 |
|  | Phone: (216) 621-0150 |
|  | Fax: (216) 241-2824 |
|  | Email: rjfogarty@hahnlaw.com |
|  | smedina@hahnlaw.com |
|  | *Attorneys for Plaintiff Cliffs Natural Resources Inc*. |

4

9049050.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2017, a copy of the foregoing was served via the Court's CM/ECF system, which will give notice to the parties in this action.

      /s/ Robert J. Fogarty
      One of the Attorneys for Plaintiff

9049050.1