UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFS NATURAL RESOURCES INC. | ) | CASE NO. 1:16-cv-03034 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | **PLAINTIFF'S OPPOSITION TO** |
| | ) | **MOTION TO DISMISS** |
| SENECA COAL RESOURCES, LLC, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Cliffs Natural Resources Inc. ("Cliffs") filed as a matter of right a First Amended Complaint which removes its Declaratory Judgment claim against the Original Defendants[1] and asserts new claims for fraudulent transfer and civil conspiracy against the Original Defendants and new Defendants Lara Natural Resources, LLC and Iron Management II, LLC ("New Defendants"). Original Defendants' Motion to Dismiss under Rule 12(b), filed January 12, 2017, sought *only* to dismiss the Declaratory Judgment claim filed by Cliffs under theories of justiciability and failure to state a claim with regard to declaratory judgment of fraudulent transfer. [*See* Dkt. 8.] But because the Original Complaint is no longer operative and because the declaratory judgment claim is no longer pending, this Court should deny the Motion to Dismiss as moot.

Rule 15(a)(1)(B) permits a party to amend its pleading "once as a matter of course . . . 21 days after service of a motion under Rule 12(b)." Original Defendants filed their Motion to Dismiss under Rule 12(b) on January 12, 2017. [*See* Dkt. 8.] Cliffs' First Amended Complaint was filed on February 1, 2017, which is within 21 days after service of the Motion to Dismiss.

---

[1] "Original Defendants" are Seneca Coal Resources, LLC ("Seneca"), Thomas M. Clarke, Ana M. Clarke, Kenneth R. McCoy, and Jason R. McCoy.

[*See* Dkt. 13.] Cliffs' First Amended Complaint is therefore permitted as a matter of right, and the Original Complaint upon which Original Defendants' Motion to Dismiss is based is no longer operative. Accordingly, this Court should deny the Motion to Dismiss as moot. *See, e.g. GCA Servs. Group v. Kopp*, No. 1:13CV2703, 2014 U.S. Dist. LEXIS 78102, *8 (N.D. Ohio June 9, 2014) (J. Boyko) (denying Motion to Dismiss as moot since it was filed in relation to complaint no longer operative due to amendment); *see also Sherrills v. Wells Fargo Home Mortg.*, No. 1:15 CV 1733, 2016 U.S. Dist. LEXIS 134460, *16 (N.D. Ohio Sept. 28, 2016) (stating that "[t]he court denies Defendant's first Motion to Dismiss Plaintiff's Complaint as moot because Plaintiff's First Amended Complaint was treated as an amendment as of right.")

Furthermore, not only is the Original Complaint no longer operative, there is no Declaratory Judgment claim in the Amended Complaint. Original Defendants' Motion to Dismiss was limited to (i) dismissal of the Individual Defendants because there was no "case or controversy" between Cliffs and the Individual Defendants based on the Declaratory Judgment claim, and (ii) dismissal of the Declaratory Judgment claim for failure to state a claim.[2] [*See* Dkt. 8.] Original Defendants merely requested that "all claims related to [declaratory judgment for] fraudulent transfer against it be dismissed." [Dkt. 8.] The Amended Complaint does not include a declaratory judgment claim and asserts new causes of action for actual fraudulent transfer and civil conspiracy against the Individual Defendants, Seneca, and New Defendants As such, even if the First Amended Complaint did not render the Motion to Dismiss moot as a

---

[2] Cliffs does not concede that its Declaratory Judgment claim did not state a claim or was moot. Indeed, agents for Seneca have stated that a future transaction or transfer was pending at the time of the Original Complaint and is still pending. But instead of a declaratory judgment claim, Cliffs' First Amended Complaint seeks injunctive relief under R.C. 1336.07(A)(3)(a) to stop any future transfers until Cliffs' right to payment is satisfied.

2

9088964.1

matter of law, the fact that the Declaratory Judgment claim is no longer before the Court certainly renders the Motion to Dismiss moot.

## **CONCLUSION**

Pursuant to the forgoing, Cliffs requests that this Court deny the Original Defendants' Motion to Dismiss as moot.

Respectfully submitted,

/s/ Robert J. Fogarty

| | |
|---|---|
| OF COUNSEL: | Robert J. Fogarty (0006818) |
| | E. Sean Medina (0082558) |
| HAHN LOESER & PARKS LLP | 200 Public Square – Suite 2800 |
| | Cleveland, Ohio 44114 |
| | Phone: (216) 621-0150 |
| | Fax: (216) 241-2824 |
| | Email: rjfogarty@hahnlaw.com |
| | smedina@hahnlaw.com |

*Attorneys for Plaintiff Cliffs Natural Resources Inc*.

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2017, a copy of the foregoing was served via the Court's CM/ECF system, which will give notice to the parties in this action.

/s/ Robert J. Fogarty
One of the Attorneys for Plaintiff

9088964.1