UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLIFFS NATURAL RESOURCES INC. | ) CASE NO. 1:16-cv-03034 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| SENECA COAL RESOURCES, LLC, *et al.* | ) **CLIFFS NATURAL RESOURCES INC.'S ANSWER TO COUNTERCLAIMS OF SENECA COAL RESOURCES, LLC** |
| Defendants. | ) |

Plaintiff Cliffs Natural Resources Inc. ("Cliffs"), for its Answer to the Counterclaims of Defendant Seneca Coal Resources, LLC ("Seneca"), states the following:

**FIRST COUNTERCLAIM**

**(Breach of Contract – The "Off-Books" Accounts Payables)**

1. Cliffs admits that it and Seneca are parties to the December 22, 2015 Unit Purchase Agreement ("UPA"). Cliffs denies the remainder of the allegations contained in paragraph 1 of the Counterclaims.

2. Cliffs denies the allegations contained in paragraph 2 of the Counterclaims.

3. Cliffs denies the allegations contained in paragraph 3 of the Counterclaims.

4. Cliffs denies the allegations contained in paragraph 4 of the Counterclaims.

5. Cliffs admits that the UPA is confidential and that it is in possession of a copy of the UPA. Cliffs also admits that both parties made certain representations and warranties in the UPA. Cliffs denies the remainder of allegations contained in paragraph 5 of the Counterclaims.

6. Cliffs denies the allegations contained in paragraph 6 of the Counterclaims.

7. Paragraph 7 of the Counterclaims contains legal conclusions, to which no response is required.

8. Cliffs denies the allegations contained in paragraph 8 of the Counterclaims and states that Seneca is not entitled to any damages.

## SECOND COUNTERCLAIM

### (Breach of Contract – Failure to Contribute to UMWA Pension Fund)

9. Cliffs admits that it and Seneca are parties to the UPA. Cliffs denies the remainder of the allegations contained in paragraph 9 of the Counterclaims.

10. Cliffs denies the allegations contained in paragraph 10 of the Counterclaims.

11. Cliffs admits that the UMWA Funds conducted an audit of Oak Grove that, upon information and belief, began in 2015 and ended in 2016. Cliffs denies the remainder of the allegations contained in paragraph 11 of the Counterclaims.

12. Cliffs admits that certain of its accounting employees were aware that the Oak Grove audit was ongoing at the time of the UPA transaction, as was Seneca and certain employees of Oak Grove, which became Seneca employees as of December 22, 2015. Cliffs denies the remainder of the allegations contained in paragraph 12 of the Counterclaims.

13. Cliffs is without knowledge regarding the truth or falsity of the allegations contained in paragraph 13 of the Counterclaims, and thus denies the same. Cliffs further estimates that it paid more than $40 million into the UMWA Funds in respect of Oak Grove from 2007 to 2015.

14. Cliffs denies the allegations contained in paragraph 14 of the Counterclaims.

15. Cliffs is without knowledge regarding the truth or falsity of the allegations contained in paragraph 15 of the Counterclaims, and thus denies the same.

16. Cliffs denies the allegations contained in paragraph 16 of the Counterclaims.

17. Cliffs denies the allegations contained in paragraph 17 of the Counterclaims.

18. Cliffs is without knowledge regarding the truth or falsity of the allegations contained in paragraph 18 of the Counterclaims, and thus denies the same.

19. Cliffs admits that the UPA is confidential and that it is in possession of a copy of the UPA. Cliffs also admits that both parties made certain representations and warranties in the UPA. Cliffs denies the remainder of allegations contained in paragraph 19 of the Counterclaims.

20. Cliffs denies the allegations contained in paragraph 20 of the Counterclaims.

21. Paragraph 21 of the Counterclaims contains legal conclusions, to which no response is required.

22. Cliffs denies the allegations contained in paragraph 22 of the Counterclaims and states that Seneca is not entitled to any damages.

## THIRD COUNTERCLAIM

### (Breach of Contract – Contractual Shortages at Closing)

23. Cliffs admits that it and Seneca are parties to the UPA. Cliffs denies the remainder of the allegations contained in paragraph 23 of the Counterclaims.

24. Cliffs admits that, at the request of Seneca and as part of reaching final consensus with Seneca on the terms of the UPA, Cliffs made payments of $2 million to certain vendors designated by Seneca prior to the closing date. Cliffs also admits that the only provision in the UPA with regard to a specific amount of accounts payable is a closing condition that Cliffs would submit documentation reasonably satisfactory to Seneca that Cliffs North American Coal and its subsidiaries had no more than $16.5 million in accounts payable as of the closing date. Cliffs further admits that this condition was satisfied at closing. Cliffs denies the remainder of allegations contained in paragraph 24 of the Counterclaims.

3

25. Cliffs admits that the UPA is confidential and that it is in possession of a copy of the UPA. Cliffs also admits that both parties made certain representations and warranties in the UPA. Cliffs denies the remainder of allegations contained in paragraph 25 of the Counterclaims.

26. Cliffs denies the allegations contained in paragraph 26 of the Counterclaims.

27. Paragraph 27 of the Counterclaims contains legal conclusions, to which no response is required.

28. Cliffs denies the allegations contained in paragraph 28 of the Counterclaims and states that Seneca is not entitled to any damages.

29. Cliffs denies each and every allegation contained in the Counterclaims not expressly admitted herein.

30. Cliffs denies that Seneca is entitled to any damages whatsoever.

## AFFIRMATIVE DEFENSES

1. Cliffs does not assume the burden of proof on any of the following defenses where the substantive law provides otherwise.

2. Seneca's Counterclaims fail to state a claim upon which relief can be granted.

3. Seneca's Counterclaims are barred in whole or in part by the parol evidence rule.

4. Seneca's Counterclaims are barred in whole or in part by the doctrines of waiver and/or estoppel.

5. Seneca's Counterclaims are barred in whole or in part by the terms of the UPA.

6. Seneca's Counterclaims are barred in whole or in part by its own breach of contract.

7. Seneca's Counterclaims are barred in whole or in part by its failure to mitigate or minimize its damages.

8. Seneca's Counterclaims are barred in whole or in part by the doctrines of setoff and/or recoupment.

9. Seneca's Counterclaims are barred in whole or in part by a failure of a condition precedent.

10. Seneca's Counterclaims are barred by any other matter constituting an avoidance or affirmative defense, and Cliffs reserves the right to assert the same.

Respectfully submitted,

/s/ Robert J. Fogarty
Robert J. Fogarty (0006818)
E. Sean Medina (0082558)
200 Public Square – Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax: (216) 241-2824
Email: rjfogarty@hahnlaw.com
smedina@hahnlaw.com

Attorneys for Plaintiff Cliffs Natural Resources Inc.

OF COUNSEL:

HAHN LOESER & PARKS LLP

5

9156277.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2017, a copy of the foregoing was served via the Court's CM/ECF system, which will give notice to the parties in this action.

/s/ Robert J. Fogarty
One of the Attorneys for Plaintiff

9156277.1