UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFS NATURAL RESOURCES INC. | ) | CASE NO. 1:16-cv-03034 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **CLIFFS NATURAL RESOURCES INC.'S** |
| SENECA COAL RESOURCES, LLC, *et al.* | ) | **FRCP 26(a) INITIAL DISCLOSURES** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Fed. R. Civ. P. 26(a), Plaintiff Cliffs Natural Resources Inc. ("Cliffs") hereby makes the following initial disclosures. Cliffs makes these disclosures based on the information currently and reasonably available to it, as required under Fed. R. Civ. P. 26(a)(1)(E). By making these initial disclosures, Cliffs concedes neither the relevance nor the admissibility of any information herein disclosed. In addition, Cliffs reserves the right to amend or supplement these disclosures in light of any information or documents received, identified, or located hereafter.

### FED. R. CIV. P. 26(A)(1)(A)(I):  INDIVIDUALS LIKELY TO HAVE KNOWLEDGE OF DISCOVERABLE INFORMATION

Cliffs states that the following individuals may have knowledge of discoverable information that Cliffs may use to support its claims and/or defenses in this action:

| NAME | POSITION | SUBJECTS |
|---|---|---|
| One or more Rule 30(b)(6) Witnesses of Seneca Coal Resources, LLC ("Seneca") | | Corporate Structure of defendant corporate entities; financial transfers from Seneca; Seneca's obligations under the Unit Purchase Agreement; Seneca's Counterclaims |

9160192.1

| NAME | POSITION | SUBJECTS |
|---|---|---|
| Thomas M. Clarke | Defendant | Corporate Structure of defendant corporate entities; financial transfers from Seneca; Seneca's obligations under the Unit Purchase Agreement; Seneca's Counterclaims |
| Ana M. Clarke | Defendant | Corporate Structure of defendant corporate entities; financial transfers from Seneca; Seneca's obligations under the Unit Purchase Agreement |
| Kenneth R. McCoy | Defendant | Corporate Structure of defendant corporate entities; financial transfers from Seneca; Seneca's obligations under the Unit Purchase Agreement |
| Jason R. McCoy | Defendant | Corporate Structure of defendant corporate entities; financial transfers from Seneca; Seneca's obligations under the Unit Purchase Agreement |
| One or more Rule 30(b)(6) Witnesses of Iron Management II, LLC | Defendant | Corporate Structure of defendant corporate entities; financial transfers from Seneca |
| One or more Rule 30(b)(6) Witnesses of Lara Natural Resources, LLC | Defendant | Corporate Structure of defendant corporate entities; financial transfers from Seneca |
| Charles A. Ebetino | Senior Vice President, ERP Compliant Fuels, LLC | Seneca's obligations under the Unit Purchase Agreement; Seneca's Counterclaims |
| G. Brent Mickum | General Counsel, ERP Compliant Fuels, LLC | Seneca's obligations under the Unit Purchase Agreement; Negotiation of the Unit Purchase Agreement |
| William Campbell | Chief Financial Officer, Seneca | Outstanding invoices sent from Cliffs to Seneca; facts regarding Seneca's Counterclaims |

9160192.1

| NAME | POSITION | SUBJECTS |
|---|---|---|
| Mark Nelson | GM, Pinnacle Mine | Seneca's Counterclaims |
| Larry Millburg | GM, Oak Grove Mine | Seneca's Counterclaims |
| One or more Rule 30(b)(6) Witnesses of Cliffs | Plaintiff | Cliffs' and Seneca's rights and obligations under the Unit Purchase Agreement; communications between the parties; relationship between the parties; facts regarding Seneca's Counterclaims |
| Clifford T. Smith | Executive Vice President, Business Development, Cliffs | Cliffs' and Seneca's rights and obligations under the Unit Purchase Agreement; communications between the parties; relationship between the parties; facts regarding Seneca's Counterclaims |
| Rachael Dicons | Manager, Accounts Payable & Travel and Expense, Cliffs | Outstanding invoices sent from Cliffs to Seneca; facts regarding Seneca's Counterclaims |
| John Elton | Manager, Operations Accounting, Cliffs | UMWA Audit |
| Adam Munson | Director of Business Development and Group Counsel, Cliffs | Seneca's obligations under the Unit Purchase Agreement; Negotiation of the Unit Purchase Agreement; invoices sent to Seneca |
| Jennifer Frame | Manager, Enterprise Risk Management, Cliffs | Facts relating to workers' compensation issues and bond replacement |
| David Zuchowski | Account Executive, USI Insurance Services LLC | Workers' compensation issues and bond replacement. |
| Amanda Pocius | Assistant Vice President, Lockton Companies, LLC | Workers' compensation issues and bond replacement. |

3

9160192.1

In addition, Cliffs identifies all persons that might be named or referred to in documents produced in the course of discovery, all persons that might be named in response to interrogatories, and all persons that might be named during deposition.

### FED. R. CIV. P. 26(A)(1)(A)(II): IDENTIFICATION OF POTENTIALLY RELEVANT DOCUMENTS

Cliffs states that the following documents currently in its possession, custody or control, upon information and belief, may be used to support its claims or defenses in this action:

All relevant categories of non-privileged documents, including electronically stored information, including but not limited to the following:

a. Documents regarding negotiation and execution of the Unit Purchase Agreement executed between Cliffs, CLF PinnOak LLC, and Seneca (the "UPA");

b. Documents regarding outstanding debts owed to Cliffs by Seneca;

c. Documents regarding Seneca's representations concerning outstanding debts and obligations of Seneca under the UPA;

d. Communications between and/or among Cliffs and Seneca or any of its officers, affiliates, or representative regarding the UPA;

e. Communications between and/or among Cliffs and any defendant to this action, including any of its or their officers, affiliates, or representatives regarding transfers made from Seneca to any defendant in this matter.

### FED. R. CIV. P. 26(A)(1)(A)(III): COMPUTATION OF DAMAGES

For its claim for Breach of Contract under the UPA, Cliffs' damages currently total approximately $6.9 million of outstanding obligations and debt under the UPA. This includes payroll expenses; reimbursement for capital lease payments, reimbursement for workers' compensation payments; reimbursement for medical claims payments; reimbursement related to litigation indemnification; and bonding costs incurred by Cliffs. These outstanding amounts can be found in Invoice Nos. 1-14 issued by Cliffs to Seneca. This amount is subject to change as Seneca's obligation to reimburse Cliffs for post-closing expenses continues and as further

invoices are issued by Cliffs to Seneca.  Cliffs reserves all rights to supplement this total as amounts become due and owing from Seneca.

For its claim for Fraudulent Transfer, Cliffs seeks an avoidance and return of any funds transferred to Lara Natural Resources, LLC, Iron Management II, LLC, and/or any of its affiliates, including but not limited to the $2.4 million transferred as set forth in the declarations of Thomas M. Clarke, Ana M. Clarke, Kenneth R. McCoy, and Jason R. McCoy.  [Dkts. 7-1, 7-2.]  The full extent of the transfers may be obtained during discovery, and Cliffs expressly reserves the right to amend its disclosures based on any information subsequently learned hereafter.

For its claim for Conspiracy to Commit Fraudulent Transfer, Cliffs seeks to recover any amount fraudulently transferred from Seneca as set forth above in its claim for Fraudulent Transfer, plus punitive damages.

Cliffs also seeks pre- and post-judgment interest on all claims. Cliffs hereby reserves the right to supplement these calculations as more information becomes available through discovery.

Furthermore, Cliffs believes that Seneca's Counterclaims are without merit and should be dismissed with prejudice.  Cliffs reserves the right to challenge any purported damages offered by Seneca and to supplement this disclosure.

## **FED. R. CIV. P. 26(A)(1)(A)(III): INSURANCE AGREEMENTS**

Cliffs states that, to the best of its knowledge, there is no insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy a possible judgment.

9160192.1

## **RULE 26(a)(2): EXPERT TESTIMONY**

Cliffs is not currently anticipating the need for an expert witness. Therefore, Cliffs has nothing to disclose under Fed. R. Civ. P. 26(a)(2) at this time. Cliffs reserves the right to supplement this disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(E).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Robert J. Fogarty |
| OF COUNSEL: | Robert J. Fogarty (0006818) |
|  | E. Sean Medina (0082558) |
| HAHN LOESER & PARKS LLP | 200 Public Square – Suite 2800 |
|  | Cleveland, Ohio 44114 |
|  | Phone: (216) 621-0150 |
|  | Fax: (216) 241-2824 |
|  | Email: rjfogarty@hahnlaw.com |
|  | smedina@hahnlaw.com |
|  | *Attorneys for Plaintiff Cliffs Natural Resources Inc.* |

9160192.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2017, a copy of the foregoing was served via the Court's CM/ECF system, which will give notice to the parties in this action.

/s/ Robert J. Fogarty
One of the Attorneys for Plaintiff

9160192.1