UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFS NATURAL RESOURCES INC. | ) | CASE NO. 1:16-cv-03034 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| SENECA COAL RESOURCES, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order;

accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial

disclosures, all responses to discovery requests, all deposition testimony and exhibits, other

materials which may be subject to restrictions on disclosure for good cause and information

derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order

concerning confidential information as set forth below. As there is a presumption in favor of

open and public judicial proceedings in the federal courts, this Order shall be strictly construed in

favor of public disclosure and open proceedings wherever possible. The Order is also subject to

the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure

and calculation of time periods.

2. **Form and Timing of Designation.**  A party may designate documents as

confidential and restricted in disclosure under this Order by placing or affixing the words

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that

will not interfere with the legibility of the document and that will permit complete removal of the

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents.  The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.  **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**.  Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4.  **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5.  Protection of Confidential Material.

a)  **General Protections.**  Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in

2

¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

b)  **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5).  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

1.  **Counsel.**  Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

2.  **Parties.**  Parties and employees of a party to this Order;

3.  **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

4.  **Consultants, Investigators and Experts.**  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

5.  **Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification

contained in Attachment A, Acknowledgment of Understanding and
Agreement to Be Bound.

c)      **Control of Documents.**  Counsel for the parties shall take reasonable and
appropriate measures to prevent unauthorized disclosure of documents designated
as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain
the originals of the forms signed by persons acknowledging their obligations
under this Order for a period of 1 year after dismissal of the action, the entry of
final judgment and/or the conclusion of any appeals arising therefrom.

d)      **Copies.**  Prior to production to another party, all copies, electronic images,
duplicates, extracts, summaries or descriptions (hereinafter referred to collectively
as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER under this Order, or any individual portion of such a
document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT
TO PROTECTIVE ORDER" if the word does not already appear on the copy. All
such copies shall thereafter be entitled to the protection of this Order. The term
"copies" shall not include indices, electronic databases or lists of documents
provided these indices, electronic databases or lists do not contain substantial
portions or images of the text of confidential documents or otherwise disclose the
substance of the confidential information contained in those documents.

e)      **Inadvertent Production**.  Inadvertent production of any document or
information without a designation of "CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

6.      **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**Documents Under Seal.**  The Court highly discourages the manual filing of any pleadings or

documents under seal. To the extent that a brief, memorandum or pleading references any

document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief,

memorandum or pleading shall refer the Court to the particular exhibit filed under seal without

disclosing the contents of any confidential information

a)      Before any document marked as CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall

first consult with the party that originally designated the document as

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether,

with the consent of that party, the document or a redacted version of the document

may be filed with the Court not under seal.

b)      Where agreement is not possible or adequate, before a CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall

be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket

number, a designation of what the document is, the name of the party in whose

behalf it is submitted, and name of the attorney who has filed the documents on

the front of the envelope. A copy of any document filed under seal shall also be

delivered to the judicial officer's chambers.

c)      To the extent that it is necessary for a party to discuss the contents of any

confidential information in a written pleading, then such portion of the pleading

may be filed under seal with leave of Court. In such circumstances, counsel shall

prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

**7.** **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**8.** **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under

this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

        **9.**     **Use of Confidential Documents or Information at Trial.**  All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

        **10.**    **Obligations on Conclusion of Litigation.**

        **a)**     **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

        **b)**     **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations,

summations, or other mental impressions of the receiving party, that party elects
to destroy the documents and certifies to the producing party that it has done so.
Notwithstanding the above requirements to return or destroy documents, counsel
may retain attorney work product, including an index which refers or relates to
information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE
ORDER, so long as that work product does not duplicate verbatim substantial
portions of the text or images of confidential documents. This work product shall
continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under
this Order. An attorney may use his or her work product in a subsequent litigation
provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER documents.

    **c)**     **Return of Documents Filed under Seal.**  After dismissal or entry of final
judgment not subject to further appeal, the Clerk may elect to return to counsel for
the parties or, after notice, destroy documents filed or offered at trial under seal or
otherwise restricted by the Court as to disclosure.

    **11.**     **Order Subject to Modification.**  This Order shall be subject to modification by
the Court on its own motion or on motion of a party or any other person with standing
concerning the subject matter. Motions to modify this Order shall be served and filed under
Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

    **12.**     **No Prior Judicial Determination.**  This Order is entered based on the
representations and agreements of the parties and for the purpose of facilitating discovery.
Nothing herein shall be construed or presented as a judicial determination that any documents or
information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel

or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or

otherwise until such time as the Court may rule on a specific document or issue.

     **13.**    **Persons Bound.**  This Order shall take effect when entered and shall be binding

upon all counsel and their law firms, the parties, and persons made subject to this Order by its

terms.

     ***So Ordered.***

Dated: _____                  _____

                                            United States District Judge

| | |
|---|---|
| **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order, which conforms to the language of Appendix L to the Local Civil Rules**<br><br>Dated:  April 4, 2017<br><br><br>/s/ Robert J. Fogarty<br>Robert J. Fogarty (0006818)<br>E. Sean Medina (0082558)<br>HAHN LOESER & PARKS LLP<br>200 Public Square, Suite 2800<br>Cleveland, Ohio 44114<br>Phone:  (216) 621-0150<br>Fax:  (216) 241-2824<br>rjfogarty@hahnlaw.com<br>smedina@hahnlaw.com<br><br>*Attorneys for Plaintiff*<br>*Cliffs Natural Resource, Inc.* | **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order, which conforms to the language of Appendix L to the Local Civil Rules**<br><br>Dated:  April 4, 2017<br><br><br> /s/ Mark D. Kindt<br>Mark D. Kindt (0019569)<br>Attorney-At-Law<br>16004 Detroit Avenue, Suite 4<br>Lakewood, Ohio  44107<br>Phone:  (216) 521-6024<br>mkindt@kindt.com<br><br>*Attorney for Defendants* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFS NATURAL RESOURCES INC. | ) | CASE NO. 1:16-cv-03034 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| SENECA COAL RESOURCES, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the

terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of

the United States District Court for the Northern District of Ohio in matters relating to the

Protective Order and understands that the terms of the Protective Order obligate him/her to use

documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance

with the Order solely for the purposes of the above-captioned action, and not to disclose any such

documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____  _____
Signature

2