# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CLIFFS NATURAL RESOURCES, INC** | ) | **CASE NO.1:16CV3034** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **SENECA COAL RESOURCES, LLC.,** | ) | **OPINION AND ORDER** |
| ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Seneca Coal Resources, LLC.'s Motion to Transfer Venue Under 28 U.S.C. § 1404(a). (ECF # 42). For the following reasons, the Court grants Defendant's Motion and transfers the case to the United States District Court for the District of Delaware for further adjudication.

This matter arises out of a purchase agreement between Plaintiff Cliffs Natural Resources, Inc. ("Cliffs") and Defendant Seneca Coal Resources, LLC ("Seneca") that was entered into in 2015, involving the sale of certain mining assets owned by Cliffs to Seneca. According to Cliffs' Complaint, Cliffs is an Ohio-based mining and natural resources company that is a major supplier of iron ore pellets to the North American steel industry.

Seneca is a Virginia-based company. On December 22, 2015, Cliffs, CLF PinnOak LLC and Seneca entered into a Unit Purchase Agreement ("UPA") wherein Cliffs sold outstanding equity interests in Cliff North American Coal LLC to Seneca. Under the UPA, Seneca agreed to replace bonds and guarantees and agreed to reimburse Cliffs for certain expenses. Seneca agreed to replace certain bonds and cause the release of Cliffs' bonds within 45 days of the Closing date.

Because of the sale of the equity interests in Cliffs North American Coal, Seneca was responsible for assuming all liabilities, including the purchase of workers compensation insurance and administering the same. Under the UPA, Seneca agreed to indemnify Cliffs for any losses arising out of or resulting from the breach of the UPA, the bonds or guarantees.

Seneca failed to replace the bonds within 45 days as required by the UPA and failed to cause the timely release of the guarantees and letters of credit, causing Cliffs to incur losses. Cliffs also incurred additional losses related to capital lease repayments, workers compensation costs, bond premiums and medical costs all of which Seneca was contractually obligated to pay. Seneca has failed to assume administration of workers compensation as required under the UPA. Cliffs now moves for Breach of Contract for Seneca's failure to pay under the UPA over $6,000,000. Cliffs further moves for a declaratory judgment that Seneca may not transfer assets to its Defendant owners or affiliates until it pays its obligations to Cliffs under the UPA.

Seneca has counterclaimed for Breach of the UPA for Cliffs' failure to disclose obligations due and owing at the time of the sale. Seneca also alleges a claim for Breach of Contract for failing to make Union payments and Breach of Contract for failing to pay certain

contractual obligations at closing.

On February 1, 2017, Cliffs filed its First Amended Complaint adding additional parties Cliffs alleges conspired to transfer assets from Seneca to the newly named affiliates of Seneca.

On March 30, 2017, Defendant Seneca Coal Resources, LLC. moved to transfer the case to Delaware based on a forum selection clause in the UPA. Section 9.10 of the UPA reads in pertinent part:

> This Agreement shall be governed by and construed in accordance with the Laws of the State of New York applicable to Contracts to be made and performed entirely therein without giving effect to the principles of conflict of law thereof or of any other jurisdiction. **Each of the parties hereto hereby (a) expressly and irrevocably submits to the exclusive personal jurisdiction of the United States District Court for the District of Delaware and to the jurisdiction of any other competent court of the State of Delaware located in New Castle County (collectively, the "Delaware Courts"), preserving, however, all rights of removal to such federal court under 28 U.S.C. 1441 in connection with all disputes arising out of or in connection with this Agreement or the transactions contemplated hereby and (b) agrees not to commence any litigation relating thereto except in such courts.** * * * Each party hereto hereby waives the right to any other jurisdiction or venue for any litigation arising out of or in connection with this Agreement or the transactions contemplated hereby to which any of them may be entitled by reason of its present or future domicile.

Due to the mandatory language of the forum selection clause and pursuant to the United States Supreme Court's relatively recent ruling on the enforceability of forum selection clauses, Defendant contends the case must be transferred to Delaware.

Cliffs argues Seneca expressly agreed that this Court has jurisdiction over Cliffs' claims in Seneca's Motion to Dismiss for Lack of Jurisdiction. In its Motion at pgs 13-14, Seneca represented "Defendant Seneca recognizes that there exists a justiciable case or controversy with Plaintiff to vest this court with subject matter jurisdiction with respect to

3

Plaintiff's post- transaction breach of contract claims. The BB&T settlement agreement contains a specific retention of jurisdiction by the Court."   Cliffs contends this statement, Seneca's waiting approximately three months after Plaintiff filed its Complaint to raise a venue challenge and Seneca's filing of a Motion to Dismiss and Answer constitute a waiver of its venue challenge.  Furthermore, Cliffs contends Seneca expressly consented to this Court's jurisdiction in a 2016 settlement of a related case wherein the parties agreed the Court retained jurisdiction to enforce the terms of the settlement or otherwise.  Also, Cliffs argues Defendant improperly moved for transfer of venue under 28 U.S.C. § 1404(a) when they should have moved under 28 U.S.C. § 1406.  Lastly, Cliffs argues it did not consent to venue in Delaware as no party is a resident of Delaware and non-of the actions at issue occurred in Delaware.

Having reviewed the Motion,Opposition, Reply and supporting exhibits the Court grants Defendant's Motion.

First, Defendant is correct that 28 U.S.C. § 1404(a) is the proper mechanism for enforcing a forum-selection clause.   See *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 574, 187 L. Ed. 2d 487 (2013) (" the clause may be enforced through a motion to transfer under § 1404(a), which permits transfer to any other district where venue is proper or to any district to which the parties have agreed by contract or stipulation.").

28 U.S.C. §1404(a) reads:

for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

In *Atlantic Marine*, the Supreme Court, in determining what weight to apply to a forum selection clause upon a motion to transfer held, "[w]hen a defendant files such a motion, we conclude, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*. at 581. When a valid and enforceable forum selection clause evidences the parties' intent to bring an action in a particular federal district, the forum selection clause must be given "controlling weight in all but the most exceptional circumstances." *Id.* "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404a motion be denied." *Id.*

> The Supreme Court considered the usual analysis of a § 1404 motion to transfer. In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." §1404(a).

In *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, (1988), the Supreme Court outlined the following factors for courts to consider:

1) the convenience of parties;

2) the fairness of the transfer in light of the forum selection clause;

3) the relative bargaining power of the parties to the forum selection clause;

4) convenience of witnesses; and

5) public interest in systemic integrity and fairness

5

*Id.* at 29,30.

> The existence of a valid forum selection clause changes the above analysis.
>
> The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." (Internal citation omitted). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." (Internal citations omitted).

*Atlantic Marine*, at 581.

The Supreme Court described three ways the usual venue analysis changes when there exists a valid forum selection clause. First, plaintiff's choice of forum is accorded no weight because plaintiff is presumed to have expressed its desired forum in the forum selection clause. Second, courts cannot entertain arguments on the parties' private interests as those are now deemed to weigh "entirely" in favor of the choice of forum contained in the forum selection clause. Finally, the law of the state wherein the suit was filed, if different from the forum agreed to in a forum selection clause, will not follow the case upon transfer.
*Id* at 581-82.

As a result, "a district court may consider arguments about public-interest factors only," and "those factors will rarely defeat a transfer motion." *Id.* at 582. Importantly, the party opposing the transfer has the burden of showing that the forum selection clause should not be enforced. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) Cliffs does not challenge the validity of the forum selection clause on traditional contract enforceability grounds. It does not allege the forum selection clause is invalid due to duress,

6

fraud or any other invalidity argument. Thus, the clause itself is valid.

However, Cliffs challenges the applicability of the forum-selection clause found in the UPA in light of the settlement agreement in a related action before another Judge in this district. The Court finds this argument has no merit because that case did not involve the same parties as the UPA. Defendant Seneca was not a party in the *BB & T Equipment Finance Corp. v. Oak Grove Resources, LLC et al.* 1:16CV672. *BB & T* involved rights under a mining equipment lease between BB & T and Oaks Grove. The lease was guaranteed by Cliffs. It arose out of the lease agreement and guaranty. It did not involve the UPA. Neither was Seneca a party to the settlement agreement in *BB & T Equipment Finance Corp. v. Oak Grove Resources, LLC, et al.*, Cliffs has produced some evidence that Seneca was involved in the negotiations, however, Seneca undisputedly was not a party or a signatory to the settlement agreement. Seneca is referenced in a reservation of rights section wherein Seneca, Cliffs and Oak Grove reserved all claims against each other arising from other agreements including the UPA. However, it was not a party as defined by the settlement agreement itself.

Cliffs contends Seneca agreed to the jurisdiction of the Northern District of Ohio in the settlement agreement as that agreement expressly reads "Judge Polster and the Federal District Court for the Northern District of Ohio, Eastern Division shall retain jurisdiction to enforce the terms of the Agreement or otherwise." However, such terms only bind the parties and those are defined in the agreement as BB & T, Oak Grove and Cliffs. Therefore, Seneca did not waive any rights under the UPA to enforce the UPA's forum selection clause. Furthermore, Judge Polster declined transfer of this case, which the Court must infer he did

7

not find the claims herein related to the settlement agreement over which he presided.

Cliffs further contends it has not consented to Delaware as a forum for its claims. However, as the Supreme Court in *Atlantic Marine* held, a forum selection clause represents the parties agreement as to the most proper forum." *Atlantic Marine* at 581. It is important to further note that all Defendants have consented to venue in Delaware.

Furthermore, the broad language of the forum selection clause clearly encompasses the claims in Cliffs' First Amended Complaint as all involve breach of the UPA or transfers of funds owed Cliffs under the UPA. Under the forum selection clause the parties agree that Delaware courts are the proper forum for "all disputes arising out of or in connection with this Agreement or the transactions contemplated hereby." Therefore, the Court finds the private interest factors must be construed in favor of transfer.

Because the private interest factors are deemed to favor the forum as agreed to by the parties in a valid forum selection clause, the Court must next consider the public interest. Here, the public interest also favors Delaware as the appropriate forum. The forum selection clause states New York law applies to disputes arising out of the UPA. This factor favors neither forum since both can equally apply New York law. However, the public interest favors transfer because "the public has a strong interest in applying contracts as they are written." *PolyOne Corp. v. Teknor Apex Co.,* No. 1:14CV0078, 2014 WL 4207671, at *6 (N.D. Ohio Aug. 25, 2014) citing *First Solar, LLC v. Rohwedder, Inc.,* No. 3:04CV7518, 2004 WL 2810105 (N.D.Ohio Dec.8, 2004). Cliffs contracted in advance to litigate disputes in Delaware and "courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine Const. Co.,* 134 S. Ct. 568 at 583. "[T]he interest of justice is served by holding

parties to their bargain." *Id.* Nor is there evidence for or against Delaware courts due to docket congestion. In short, no public interest factor supports denying transfer to the parties' contracted for forum of Delaware.

Lastly, the Court finds Seneca did not waive its rights under the forum selection clause by first filing a Motion to Dismiss and an Answer or by acknowledging that this Court had subject matter jurisdiction over the disputes. Defendant's Motion to Transfer does not dispute that venue is proper in this Court, rather, a 1404(a) challenge seeks to transfer the case to the contractually agreed upon forum. See *Atlantic Marine* at 574, ("a forum-selection clause does not render venue in a court "wrong" or "improper" under § 1406(a) or Rule 12(b)(3).") Thus, the waiver provisions of Fed. R. Civ. P. 12(h) do not apply.

Therefore, for the foregoing reasons, the Court finds transfer of Plaintiff's claim is warranted in light of the parties' forum selection clause and the Court transfers the above-captioned case to the United States District Court for the District of Delaware for further adjudication.

IT IS SO ORDERED.

                                          s/ Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          United States District Judge

Dated: May 12, 2017